**UNITED STATES of America**

v.

**James Earl JACKSON.**

**Crim. No. M-75-0419.**

United States District Court,
D. Maryland.

March 3, 1976.

Jervis S. Finney, U. S. Atty., and William McC. Schildt, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Dennis M. Sweeney and Michael S. Frisch, Asst. Federal Public Defenders, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

The defendant, James Earl Jackson, pled guilty to bank larceny, 18 U.S.C. § 2113(b). He was sentenced on October 8, 1975, to a term of eight years' imprisonment under the provisions of 18 U.S.C. § 4208(a)(2).

After sentencing, the court recommended to the Board of Parole in the A.O. 235 Form that the defendant be considered for parole after the expiration of 24 months of imprisonment in the event that his institutional record was good, said recommendation of the court having been made based upon the court's perception that the said Jackson, subsequent to his arrest, obtained a job and became drug free, and gave other evidence of a sincere desire to change from his prior course of criminal conduct. The court's recommendation was also based upon the fact that the defendant Jackson, in participating in the robbery to which he pled guilty, did not have a gun, did not go into the bank, was not the instigator of the robbery, and acted as the driver only. While none of the above factors excused the gravity of the offense to which Jackson pled guilty, the court was of the view that they suggested a potential for rehabilitation of Jackson which should be nourished if his conduct in prison indicated that his desire for rehabilitation was sincere, not feigned. The court recommended that the defendant receive drug abuse counseling as well as educational and vocational training.

On December 22, 1975, the court received a letter from Jackson in the nature of a motion for reduction of sentence pursuant to Rule 35, F.R.Crim.P. The motion recited that the Board of Parole had elected not to consider him for parole at any time under the expiration of one-third of his sentence. The court, after a series of letters to and from the Board of Parole, was able to determine that, in fact, the Board of Parole had refused to consider the defendant for parole in accordance with the court's recommendation but had, instead, given the defendant a setoff date to reappear before the Board of Parole at the expiration of one-third of his sentence. The reason expressed by the Board of Parole for its action was that the "Guidelines," 38 Fed.Reg. 222 (Nov. 19, 1973), indicated ". . . a range of 55–65 months to be served before release . . ." and that the defendant needs additional institutional treatment, specifically drug counseling, to enhance his capacity to lead a lawful life.

Although this court recognizes that it is the responsibility of the Board of Parole to determine when a defendant is to be released on parole, it had been this court's understanding, which understanding was confirmed as recently as February 2, 1976, and February 12, 1976, by the Chairman of the United States Board of Parole, that the "Guidelines," in the absence of unusual circumstances, would not be given as much weight as the sentencing judge's views where the sentencing judge had advised the Board of his views concerning parole. No adequate reason has been given by the Board of Parole as to why the defendant should not be *considered* for parole at the expiration of approximately 24 months of his sentence. In addition to the other factors previously mentioned which, in this court's view, indicate that the defendant has potential for rehabilitation, is the fact that the defendant was given the opportunity to surrender himself voluntarily at Lewisburg to begin the service of his sentence which opportunity the defendant accepted, appearing at Lewisburg to surrender himself voluntarily in accordance with this court's Order.

For all the reasons set forth herein, the court believes the Board of Parole has improperly refused to *consider* the defendant for parole at the expiration of 24 months of his sentence. The court, therefore, will reduce this sentence from eight years to six years, thereby requiring the Board to consider the defendant for parole at the expiration of approxi-

mately 24 months of his sentence, current Board policy prohibiting a parole setoff beyond the expiration of one-third of a sentence. The court takes this action in expectation that the Board of Parole will dispassionately and in good faith, without preconceptions, consider Jackson for parole at the expiration of approximately 24 months of his sentence, giving due regard to the A.O. 235 Form heretofore filed.

For all these reasons, the motion of James Earl Jackson for reduction of sentence is hereby GRANTED, and the sentence shall be revised to provide that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of six years.